[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

———————————————

No. 97-2531

———————————————



D. C. Docket No. 96-1077-CIV-T-17B

JOSEPH J. RASH,

Plaintiff-Appellant,

versus

JOANN H. RASH,

Defendant-Appellee.

———————————————

Appeal from the United States District Court
for the Middle District of Florida

———————————————

**(July 27, 1998)**

Before BARKETT, Circuit Judge, and GODBOLD and
GOODWIN*, Senior Circuit Judges.

———————————————

*Honorable Alfred T. Goodwin, Senior U.S. Circuit Judge
for the Ninth Circuit, sitting by designation.

GODBOLD, Senior Circuit Judge:

The husband brought this suit against his wife in the United

States District Court, M.D. Florida, under the Federal

Declaratory Judgment Act, 28 U.S.C. §§ 2201-02, alleging that a

Florida judgment dissolving his marriage is valid, as opposed to

a New Jersey judgment dissolving the marriage.  The property settlement ordered in the New Jersey decree is more favorable to the wife than that provided in the Florida decree.

The wife moved to dismiss.  The district judge held that the federal court, as a court of limited jurisdiction, did not have subject matter jurisdiction because the federal courts usually decline review of domestic relations cases over which the state courts traditionally have jurisdiction, and she dismissed the case.  We affirm the judgment of the district court, though on different grounds.

The parties had lived together in New Jersey.  They moved to Florida and resided there in a mobile home for two years.  They listed their New Jersey home for sale but it did not sell.  They separated and the wife returned to New Jersey.  The parties dispute whether they ever intended to make Florida their domicile.  Following is the relevant sequence of events:

2/25/94: The husband sued for divorce in state court in Florida.

3/14/94: The wife was served with process in New Jersey.

3/21/94: The wife sued for divorce in state court in New Jersey.

3/22/94: The wife filed in the New Jersey court an emergency application asking that the husband be restrained from proceeding in the Florida divorce action.  The court set a "return" of March 29 and directed that the husband be given notice.

2

3/29/94: The husband filed a response, setting out the contacts that he and his wife had with Florida and describing the filing of the Florida divorce action and service of process on his wife.  The wife filed a response alleging that the parties' residence was New Jersey and denying Florida residence.

The same day, 3/29, the court heard oral argument.  Counsel for both parties were present and participated.

3/31/94: The New Jersey court found that the husband was subject to the in personam jurisdiction of the New Jersey court. It entered an order restraining him from proceeding in personam in the Florida court against the wife in the Florida divorce action and from obtaining relief on any issues regarding equitable distribution of personal and real property, attorney fees, costs and suit money, or the parties' marital debt.

7/8/94: The husband filed a motion in the Florida action seeking leave to proceed in that court, and the court granted the motion.

10/21/94: The Florida court granted a default against the wife, who had not entered an appearance.  The same date the Florida court entered a final judgment dissolving the marriage and dividing property.

11/17/94: The wife asked the New Jersey court to direct that proceeds of the sale that had been made of real estate be held in escrow and that the husband be held in contempt for violating the injunctive order of March 31.

12/5/94: The New Jersey court ordered the real estate proceeds held in escrow.

12/9/94: The New Jersey court conducted a plenary hearing on the issue of jurisdiction.  Counsel for both parties were present and participated, and testimony was taken.

12/14/94: The New Jersey court held that the state of Florida inappropriately asserted in personam jurisdiction over the wife, that the state of New Jersey had sole in personam jurisdiction over the husband and the wife, and that it was the appropriate forum to resolve the issues between the parties relating to distribution of property and support.

12/19/94: The husband filed an answer and counterclaim in the New Jersey case.

3/6/95: The New Jersey court heard the merits of the wife's suit.  Both husband and wife, and their respective counsel, were present.

6/19/95: The New Jersey court entered a final order dissolving the marriage, dividing property, and granting support and alimony to the wife.

In the U. S. District Court the basis of the husband's prayer for injunction was an allegation that jurisdiction of the Florida court over the wife became effective when she was served with process on March 14, and that the New Jersey court could not thereafter restrain the husband from proceeding in Florida.

This case is properly determined on full faith and credit principles pursuant to Art. IV, § 1, of the Constitution and 28

4

U.S.C. § 1738 rather than on an asserted policy that federal courts decline review of domestic relation cases. The district court held that full faith and credit was not applicable in this case to cause the Florida judgment to be determinative of issues in the New Jersey case because the Florida court did not have personal jurisdiction over the wife. We do not understand the holding with regard to jurisdiction over the wife, who was properly served with Florida process. However, the case does not turn on full faith and credit to be given by New Jersey to the Florida judgment but rather on the fact that Florida must extend full faith and credit to the prior New Jersey judgment.

Florida was required to give full faith and credit to the New Jersey order entered March 31 holding that the New Jersey court had in personam jurisdiction over the husband and restraining him from proceeding with the Florida action. "Full faith and credit" meant that Florida had to give to the New Jersey order "the same credit, validity and effect . . . which it had in the state where it was pronounced." Williams v. North Carolina, 325 U.S. 226, 228 (1945); Fehlhaber v. Fehlhaber, 681 F.2d 1015, 1020 (11th Cir. 1982)(en banc). Likewise, the federal court must extend the same full faith and credit that New Jersey would give to its order. Fehlhaber, 681 F.2d at 1020. Nothing in the record indicates that a New Jersey court would not give full faith and credit to the March 31 order. The husband was subject to the jurisdiction of the New Jersey court. He and his attorney were present at the March 29 hearing and participated in

5

the proceedings on which the March 31 order was issued.  He had a full and fair opportunity to litigate the jurisdictional issues. Nothing in the record shows that the New Jersey proceedings did not comply with due process.  The fact that the New Jersey order was injunctive in nature does not change the analysis.

> A state has power to exercise judicial jurisdiction to order a person, who is subject to its judicial jurisdiction, to do an act, or to refrain from doing an act, in another state.

Restatement of Conflict of Laws 2d, § 53.

Thus, Florida was bound to give full faith and credit to the New Jersey order of March 31.  The Florida divorce decree entered subsequent to the New Jersey order was improperly granted.

The husband relies upon the Florida jurisdiction statute, Fla. Stat. Ann. § 48.193, which provides that Florida has jurisdiction over division of property in connection with an action to dissolve a marriage, for persons maintaining a matrimonial domicile in the state.  He contends that this statute created Florida jurisdiction to which, he suggests, New Jersey had to give full faith and credit.  Full faith and credit relates to judgments, not to the effect that one state must give to the statute of another state.  The Florida statute sets out the basis on which a court might find, on a proper factual showing, that Florida jurisdiction had been acquired and on which a Florida judgment might be based.  It does not by its own weight create jurisdiction or operate as a judicial determination that Florida jurisdiction exists.

AFFIRMED.